Case 6:22-cv-00007-NKM-RSB   Document 19   Filed 04/28/22   Page 1 of 8   Pageid#: 98

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/28/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| OCEAN 10 SECURITY LLC,<br><br>         *Plaintiff,*<br>  v.<br><br>LYNCHBURG REDEVELOPMENT AND HOUSING AUTHORITY,<br><br>         *Defendant.* | CASE NO. 6:22-cv-7<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This case is a contract dispute between Plaintiff Ocean 10 Security, a provider of security cameras and security services, and Defendant Lynchburg Redevelopment and Housing Authority (LRHA), the public housing authority for the city of Lynchburg and a political subdivision of the Commonwealth of Virginia. (Dkt. 1). This opinion addresses LRHA's motion to dismiss, Dkt. 5. LRHA argues that Ocean 10's complaint is barred by the Statute of Frauds and under the Virginia Public Procurement Act (VPPA). (Dkt. 5 at 1). The Court will deny the motion in full. The Statute of Frauds does not apply to this contract for several reasons, and the VPPA issue is more appropriately resolved on summary judgment.

## I. Background

  In 2019, LRHA contacted Ocean 10 about providing security cameras and services related to those security cameras at several public housing communities managed by LRHA.[1] (Dkt. 1 at ¶¶ 8, 14, 15). Ocean 10 agreed to install its "TSUNAMI" surveillance system, which "includes four cameras that provide a constant high-resolution, 360-degree view of the

---

[1] The facts alleged in the Complaint are taken as true for the purposes of the motion to dismiss. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)

1

surrounding areas[.]". (*Id.* at ¶ 10). The parties "entered into a lawfully-procured contract whereby Ocean 10 agreed to install TSUNAMI systems in LRHA's public housing communities." (*Id.* at ¶ 15). Ocean 10 claims the contract was approved or ratified by LRHA's Executive Director and Board of Commissioners. (*Id.* at ¶ 16). Under the contract, "LRHA submitted purchase orders to Ocean 10, following which Ocean 10 installed twelve TSUNAMI systems to LRHA under a three-year subscription and LRHA began making payments." (*Id.* at ¶ 17).

Then, some time later, "[b]ased on the success of the first twelve TSUNAMI systems, LRHA submitted as second series of purchase orders to Ocean 10 for an additional twelve TSUNAMI systems." (*Id.* at ¶ 19). As with the first contract, the second contract was approved by LRHA's Executive Director and Board of Commissioners. (*Id.* at ¶ 20). Through the end of 2020, the parties performed their duties under the second contract—Ocean 10 provided the system and services related to the system, and LRHA paid the invoices. (*Id.* at 23).

Then, in 2021, LRHA stopped paying the invoices. (*Id.* at ¶ 23). Following several notices, LRHA made a partial payment in February 2021, but thereafter made no more payments to Ocean 10. (*Id.* at ¶¶ 24–25). On about April 12, 2021, Ocean 10 sent a final notice of nonpayment to LRHA. (*Id.* at ¶ 26). Then, on April 15, 2021, LRHA unilaterally declared the contract void. (*Id.* at ¶ 27). In a closed meeting on that day, LRHA's Board of Commissioners voted to approve a motion that the contract with Ocean 10 "be voided as not being in the public interest," (*id.* at ¶ 28), purportedly acting under the authority of the VPPA, which permits divisions of the state government to void contracts under certain circumstances. *See* Va. Code. § 2.2-4360(B). LRHA did not publicly discuss or ask for public comment about its decision to void the contract. (Dkt. 1 at ¶ 29).

2

In this action, Ocean 10 has brought a three-count complaint. Count I alleges breach of contract. (*Id.* at ¶¶ 37–43). Count II is an appeal of LRHA's final decision voiding the contract. (*Id.* at ¶¶ 44–49). Count III is pled in the alternative to Counts I and II and claims that even if LRHA lawfully voided the contract, that Ocean 10 is entitled to its costs of performance up to the time that LRHA voided the contract. (*Id.* at ¶¶ 50–55).

LRHA has moved to dismiss the entire Complaint. (Dkt. 5). First, LRHA argues that all three counts are barred by Virginia's Statute of Frauds because, LRHA claims, the contract was never reduced to a signed, written agreement, and could not have been performed within one year. (Dkt. 5 at 3–4). Second, LRHA argues that Counts I and II are barred by the VPPA because, LRHA claims, it lawfully voided the contract because it was "in the best interest of the public" to do so, and because Ocean 10's sole remedy under such circumstances is its cost of performance up to the time when LRHA voided the contract. (Dkt. 5 at 4–5).

## II. Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all its allegations taken as true and all reasonable inferences drawn in the plaintiff's favor, *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted). This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics," instead the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

### III. Analysis

#### A. Statute of Frauds

Ocean 10's complaint is not barred by the Statute of Frauds for various reasons, including most obviously the fact that even if the contract fell within the Statute of Frauds, the exception for part performance applies.

Virginia's Statute of Frauds, Va. Code § 11-2(8), provides that "[u]nless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought … [u]pon any agreement that is not to be performed within a year." LRHA argues that the contract here falls into the Statute of Frauds because it could not be performed within one year, being a subscription for three years of service. (Dkt. 6 at 4–5).

There are two threshold matters on this issue. First is which of Virginia's two Statutes of Frauds apply, the Statute of Frauds contained in § 11-2(8) (for general contract disputes) or the Statute of Frauds in Va. Code. § 8.2-201, Virginia's version of the UCC Statute of Frauds. The contract here was primarily for services, not goods, so the Statute of Frauds contained in § 11.2(8) applies. *See Princess Cruises, Inc. v. General Elec. Co.*, 143 F.3d 828, 832 (4th Cir.

1998) ("standard commercial practice requires that a transaction be predominantly for the sale of goods before the U.C.C. applies.").

The second threshold matter is whether the Court may consider the purported contract attached as an exhibit to LRHA's motion to dismiss. (*See* Ex. 1 to Dkt. 6). LRHA has attached what it says is the final version of the contract between LRHA and Ocean 10. (Dkt. 6 at 3). The contract is final and appears to contain all the key elements of the agreement but is not signed by either party. (Ex. 1 to Dkt. 6). Ocean 10 claims that the purported contract attached to LRHA's motion to dismiss was not in fact the final agreement, but "the draft contract that Ocean 10 originally presented to LRHA." (Dkt. 11 at 3). Ocean 10 notes that the contract excludes certain parts of the agreement that LRHA has admitted in its pleadings exist, including the purchase orders between the parties. (*Id.*).

A Court reviewing a Rule 12(b)(6) motion to dismiss may not consider a document that is not attached to or expressly incorporated into the complaint unless the document "was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authority." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Here, there is clearly a dispute about the authority of the contract attached to LRHA's motion to dismiss; LRHA claims it is the final integrated contract, while Ocean 10 claims that it was a non-final version. LRHA relies on *Edwards v. Schwartz*, 378 F.Supp.3d 468 (W.D. Va. 2019) to claim that where the only dispute is about the "legal import" of the document attached to a motion to dismiss, then the Court may consider the document in ruling on the motion to dismiss. (Dkt. 12 at 2). But *Edwards* is inapposite because (among other reasons) the Court's holding in that case was contingent on the fact that there was no dispute about the *factual circumstances* surrounding the document, while here there is not just a dispute about how the purported contract

5

applies to the legal claims in the case, but whether the purported contract was the parties' final integrated agreement at all.

With respect to the main issue of whether the Statute of Frauds applies or not, the Court holds that even if the contract fell within the Statute of Frauds generally, the exception for part performance clearly applies. In Virginia, the exception to the Statute of Frauds for part performance holds that—

> [T]he party seeking to recover must prove that:
>
> (1) the parol agreement relied on is "certain and definite in its terms," (2) the acts proved in part performance "refer to, result from, or [were] made in pursuance of the agreement," and (3) the agreement was "so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation."

*Moorman v. Blackstock, Inc.*, 276 Va. 64, 79 (2008) (quoting *Runion v. Helvestine*, 256 Va. 1, 6 (1998)). Here, Ocean 10 alleges that it installed all 24 TSUNAMI systems and operated them for LRHA's benefit for over a year, and that LRHA made subscription payments under the agreement for over a year. (Dkt. 1 at 17–24). Obviously, Ocean 10 would only have done those things if it had a contract with LRHA to do so.

The Court notes that there does not appear to be any actual dispute about the existence of the contract. The purpose of the Statute of Frauds is "to provide reliable evidence of the existence and terms of certain types of contracts and to reduce the likelihood that contracts within the scope of th[e] statute can be created or altered by acts of perjury or fraud." *C. Porter Vaughan, Inc. v. DiLorenzo*, 69 S.E.2d 656, 659 (Va. 2010) (quoting *Lindsay v. McEnearney Assocs., Inc.*, 531 S.E.2d 573, 575 (Va. 2000). That purpose is clearly inapplicable in this case where LRHA *admits* the contract existed (*see* Dkt. 6 at 3–4), and does not contest Ocean 10's representations about what its contents, (*see id.*), but argues that the Statute of Frauds

6

nonetheless applies for the simple reason that the undisputedly-existing contract was unsigned.

### B. Virginia Public Procurement Act (VPPA)

Next, LRHA claims that Ocean 10's claims in Counts I and II are barred by the Virginia Public Procurement Act, Va. Code § 2.2-4360(B). The VPPA permits divisions of the local government to void existing contracts under certain conditions. It reads, in relevant part:

> If, after an award, it is determined that an award of a contract was arbitrary or capricious, then the sole relief shall be as hereinafter provided.
>
> Where the award has been made but performance has not begun, the performance of the contract may be enjoined. Where the award has been made and performance has begun, the public body may declare the contract void upon a finding that this action is in the best interest of the public. Where a contract is declared void, the performing contractor shall be compensated for the cost of performance up to the time of such declaration. In no event shall the performing contractor be entitled to lost profits.

Va Code. § 2.2-4360(B). LRHA argues that this provision applies because LRHA found that voiding the contract was in the best interest of the public, and therefore argues that Ocean 10's only remedy is its cost of performance. (Dkt. 6 at 4).

Ocean 10 argues that LRHA never made the requisite preliminary finding that the award was arbitrary and capricious, and it could not skip automatically to the determination that the award was not in the public interest. (Dkt. 11 at 8). Indeed, the statute does clearly require the government agency to decide if the award of the contract was arbitrary and capricious, and *then* decide whether voiding it is in the best interest of the public. *See* Va. Code § 2.2-4360(b). The Complaint here alleges that LRHA never made a determination that the contract award was arbitrary and capricious prior to voiding it. (*see* Dkt. 1 at ¶¶ 15, 35).

The case law on this provision of the VPPA is slim (there are only a handful of cases on the statute at all, and virtually all of them relate to parts of the statute not at issue here). But the existing cases indicate that this issue should be resolved at summary judgment, not on a motion

to dismiss. *See Landfill Consulting LLC v. Virginia State University*, 90 Va. Cir. 38 (2015) (resolving VPPA issue on summary judgment); *Commonwealth Biotechnologies, Inc. v. Virginia Commonwealth University*, 59 Va. Cir. 98 (2002) (refusing to grant defendants' demurrer on the VPPA because "accepting defendants' Public Procurement Act argument would allow the Commonwealth to refuse to honor its valid contract after having received the benefits of it[.]").

For the present purposes of the motion to dismiss, the Court holds that Ocean 10 has stated a plausible claim under Counts One and Two, because the Complaint alleges that LRHA did not make the requisite preliminary finding that the contract award was arbitrary and capricious, which, if true, would mean that the VPPA's provisions authorizing government bodies to void contracts are not available as a defense.

## IV.  Conclusion

For the reasons stated, in an accompanying order the Court will deny LRHA's motion to dismiss, Dkt. 5, in full.

The Clerk of Court is directed to deliver a copy of this opinion to all counsel of record.

Entered this 28th day of April 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE